IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-406-BO

| | |
|---|---|
| LUCIA GONZALEZ-RODRIGUEZ, et al., ) ) ) Plaintiffs, ) ) v. ) ) JOSE M. GRACIA, et al., ) ) Defendants. ) | **ORDER** |

This matter comes before the court on nonparty Andrew M. Jackson's motion to quash or modify subpoena and for protective order, [DE-48], to which Plaintiffs filed a response, [DE-51]. Movant's counsel did not satisfy the meet and confer requirements of Local Civil Rule 7.1(c)(2), E.D.N.C, or the requirements of Fed. R. Civ. P. 45(e)(2)(A). Accordingly, as explained below, the motion is denied without prejudice.

Plaintiffs, who were employed by Defendants under the H-2A temporary visa program, bring this case on behalf of themselves and their similarly situated co-workers, alleging wage and hour and human trafficking claims. Sec. Am. Compl. [DE-44]. Jackson, the movant, performed services for Defendant related to the visa program, Pls.' Resp. [DE-51] at 1, and on October 7, 2022, Plaintiffs served Jackson with a subpoena to produce documents related to Defendants' employment of H-2A workers, Defendants' foreign recruiters and employees, wages paid to or costs incurred by Defendants' employees, and contracts between Defendants and third parties. Subpoena [DE-48-2]; Pls.' Resp. [DE-51] at 1–2. On October 20, Jackson filed the instant motion asserting that he serves as counsel for Defendants, the subpoenaed documents are protected by

attorney-client privilege or work product, Defendants will not waive the privilege, some of the documents sought can be obtained from Defendants or are publicly available, and the requests are vague and overbroad, making compliance unduly burdensome. Mot. [DE-48] at 1–6. Movant's counsel did not confer with Plaintiffs' counsel prior to filing the motion and did not provide a privilege log. Pls.' Resp. [DE-51] at 2 n.1, 5. Plaintiffs contend that they are willing to withdraw some requests, they do not have sufficient information to evaluate some of the privilege claims, other documents are not protected by attorney-client privilege or work product, and some documents are not available from other sources. *Id.* at 2–10.

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017).

"A more demanding variant of the proportionality analysis [] applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir.) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)), *cert. denied*, 140 S. Ct. 672 (2019). This is so because "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* Ultimately, giving the

2

Case 5:21-cv-00406-BO   Document 53   Filed 01/10/23   Page 2 of 4

nonparty status "special weight," the court must determine "whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Id.*; *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016).

Under Local Civil Rule 7.1(c)(2), counsel must confer in a good faith to attempt to resolve a discovery dispute prior to filing any discovery motion, and that obligation is not satisfied by an exchange of written correspondence; rather, counsel should at a minimum conduct a telephone conference in an attempt to resolve the dispute prior to filing a motion. The good faith communication requirement is not merely technical but promotes the orderly resolution of discovery disputes. *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009). Jackson's motion fails to comply with Local Civil Rule 7.1(c)(2), and the court may summarily deny a discovery motion for failure to satisfy the meet and confer requirement. *See Bethea v. Ellis*, No. 5:16-CV-178-D, 2017 WL 2473170, at *3 (E.D.N.C. June 7, 2017).

Furthermore, Fed. R. Civ. P. 45(e)(2)(A) provides that a "person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Jackson made a claim of privilege but did not provide the requisite privilege log or functional equivalent to allow Plaintiffs to assess the claim. *See Moore v. Shapiro & Burson, LLP*, No. 3: 14CV832 DJN, 2015 WL 6674709, at *1 (E.D. Va. Oct. 29, 2015) (denying motion to quash based on, among other deficiencies, the "fail[ure] to provide a privilege log or functional equivalent, thereby failing to comply with Rule 45(e)(2)(A) of the Federal Rules of Civil

Procedure."). Like Plaintiffs, the court cannot assess Jackson's privilege claims without sufficient information about the documents.

The court in its discretion finds that Jackson's provision of the information required by Fed. R. Civ. P. 45(e)(2)(A) and good faith communications between counsel are likely to render efficiencies to the parties and the court by eliminating or, at a minimum, narrowing the issues in dispute. *See* Fed. R. Civ. P. 1 (providing the Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, the motion to compel is denied without prejudice to renew the motion to address any unresolvable issues.

SO ORDERED, the 10 day of January, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge