LUCIA GONZALEZ-RODRIGUEZ, et al., )
    Plaintiffs )
v. )    O R D E R
JOSE M. GRACIA, et. al., )
    Defendants )

This matter comes before the Court on plaintiffs' motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). [DE 39]. Defendants responded, and plaintiffs replied. In this posture, the matter is ripe for adjudication.

## BACKGROUND

Plaintiffs are Mexican migrant workers who worked for defendants' harvesting company in North Carolina. Defendants induced plaintiffs to travel from Mexico to North Carolina to work on their farm through the federal H-2A temporary foreign worker visa program. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1). When they arrived, plaintiffs worked as cooks for the other agricultural workers. Plaintiffs allege their supervisors verbally, physically, and sexually abused them.[1] Plaintiffs claim defendants took possession of plaintiffs' passports and threatened violent retaliation if they attempted to escape.

---

[1] Plaintiffs also allege violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*, and the Trafficking Victims Protection Reauthorization Act.18 U.S.C. § 1590, *et seq.* [DE 44]. Plaintiffs' full allegations need not be recounted because they are not relevant to this Order.

For this action, plaintiffs allege defendants (1) did not reimburse them for their visa expenses until after their first week, (2) paid them for significantly fewer hours than they worked, and (3) did not pay them the required overtime rates. Plaintiffs seek to bring claims on behalf of themselves individually and all other similarly situated employees through the collective action procedure under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b). The Court has received the sworn declarations of plaintiff Lucia Gonzalez-Rodriguez [DE 40-1] and plaintiff Nazaria Lara-Martinez [DE 40-2]. Plaintiffs define two classes for which they seek conditional certification under § 216(b) as follows:

> "Persons who were or will work for one or more of the Defendants as cooks, held H-2A visas, were not reimbursed for all of their H-2A related expenses (recruitment fees, travel, visa, hotel, meals, and/or border crossing costs) during their first workweek ("Reimbursement Collective Action") at any time between October 5, 2018, and the date of final judgment in this action.
>
> Persons who were or will work for one or more of the Defendants as cooks and were or will be paid less than the required minimum wage for the hours worked in one or more workweeks or who were not paid at the required overtime wage rate for the hours they performed or will perform work in excess of 40 hours in any workweek in which they were not employed in agriculture ("Wage Payment Collective Action") at any time between October 5, 2018 and the date of final judgment in this action."

[DE 39]. Defendants argue that the plaintiffs are not similarly situated. In the alternative, defendants argue the first class should be redefined as follows:

> "Persons who worked for one or more of the Defendants in the State of North Carolina as a cook at any time between October 5, 2018 and the date of final judgment in this action, held H-2A visas while working for one or more of the Defendants, and who were not reimbursed on their first paycheck following their first workweek for all of their inbound H- 2A related expenses that are required to be paid by the Defendants such that they were paid less than the minimum wage during that workweek ("Reimbursement Collective Action")."

[DE 41]. Plaintiffs request that this Court grant six months to distribute notice and file opt-in plaintiffs' consent forms with this Court. Defendants contend two months is sufficient. Plaintiffs also request the following information for each potential collection action member: "Full name; Date(s)

2

of employment; Employer ID; Passport number; US and Mexico addresses; Cell and WhatsApp numbers (US and Mexico); and Date of birth." [DE 39 ¶ 3]. Defendants argue this request should be limited to mailing addresses and full names of potential class members. [DE 41 at 12].

## **DISCUSSION**

Defendants claim certification is inappropriate because plaintiffs are not similarly situated with the proposed class of employees. Alternatively, defendants request the Court narrow the proposed class. For the following reasons, the Court finds that plaintiffs are similarly situated but should be redefined.

### I.  Legal standard

The FLSA allows employees to maintain an action against an employer for unpaid minimum wages and overtime pay on behalf of themselves and all others similarly situated. 29 U.S.C. § 216(b). An employee who desires to participate in an FLSA collective action must "give [] his consent in writing to become . . . a party. . . ." *Id.* There are two requirements for the certification of an FLSA collective action. First, the proposed class members must be "similarly situated." *Id.* Second, the class members must "opt-in" by filing their consent to suit. *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011).

Putative class members are "similarly situated" for purposes of § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions . . . ." *De Luna– Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 654 (E.D.N.C. 2004) (citations omitted). However, "their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination." *Romero*, 796 F. Supp. 2d at 705.

3

Certification of an FLSA collective action is typically a two-stage process. First, the Court makes a preliminary determination on whether to conditionally certify the class based on the limited record before the Court. The standard for conditional certification is fairly lenient. It requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quotations omitted). If the class is conditionally certified, the Court typically authorizes plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt in. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *Romero*, 796 F. Supp. 2d at 705.

The second determination comes later, usually after discovery is complete, and is typically precipitated by a motion for "decertification" by the defendant. At this stage, there is a more developed factual record on which the Court can base its decision. The Court must again make a factual determination as to whether the opt-in plaintiffs are similarly situated; however, the scrutiny applied in the second stage is more rigorous than that of the notice stage. If the Court determines that the plaintiffs are similarly situated, the collective action may proceed. However, if the claimants are not similarly situated, the Court decertifies the class, and the claims of the opt-in plaintiffs are dismissed without prejudice. *Romero*, 796 F. Supp. 2d at 705–706.

## II. Court's analysis
### A. Similarly situated

Putative class members are "similarly situated" if they "raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions. . . ." *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465 (E.D.N.C. 2010); (citing *De Luna-Guerrero v.*

4

*N. Carolina Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004)). Defendants argue that plaintiffs are not similarly situated because the amount owed to each potential class member requires an individualized damage calculation of hours worked, hourly rate, expenses incurred, and reimbursement. However, "where an employer has a common practice of failing to pay employees for all hours worked, factual distinctions of the type claimed by [defendants] provide no basis to deny initial certification of a collective action under the FLSA." *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465 (E.D.N.C. 2010). The Court finds that plaintiffs have sufficiently raised three legal issues that make them similarly situated to putative class members.

The first legal issue is nonpayment of the minimum wage during the first workweek due to defendants' failure to reimburse all visa-related and travel expenses in the first workweek. [DE 44 ¶¶ 160-64]. Plaintiffs allege they did not receive reimbursements until well after their first workweek. Defendants argue plaintiffs are not similarly situated because one plaintiff was fully reimbursed while the other was partially reimbursed. The FLSA requires defendants to issue reimbursements within the first workweek. *De Luna-Guerrero*, 338 F. Supp. 2d at 662. Therefore, defendants' eventual reimbursement is irrelevant.

The second legal issue is whether plaintiffs were paid a minimum wage for all hours worked. *See Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011). Defendants argue that Lara-Martinez worked as a cook and field laborer while Gonzalez-Rodriguez worked only as a cook. Regardless of that distinction, plaintiffs are entitled to minimum wage.

The third legal issue is the nonpayment of overtime wages. Generally, the FLSA requires an employer to pay overtime rates when an employee works over forty hours in a workweek. *See Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738, 742–43 (E.D.N.C. 2017). However, the

FLSA overtime provisions do not apply to agricultural workers. *See* 29 U.S.C. § 213(b)(12). Plaintiffs claim defendants never paid them the overtime rates to which they were entitled. Again, defendants point out that one plaintiff worked exclusively as a cook while the other worked as a cook as an agricultural worker. [DE 41 at 7-8]. According to defendants, plaintiffs are not similarly situated because one plaintiff may be entitled to overtime wages while the other may not. To be sure, some individualized inquiry may be necessary to determine whether the agricultural exemption mitigates defendants' liability. But defendants' argument does not "cast doubt upon plaintiffs' showing that" their factual setting is manageably similar to the potential plaintiffs' factual setting. *Rosinbaum*, 238 F. Supp. 3d at 747. Therefore, the Court will not deny plaintiffs' conditional certification on the grounds that some damage calculations may require some individualized inquiry.

B. Defendants revised definition

Defendants claim that the plaintiffs' class definition does not accurately state the law and propose the following revised definition:

> "Persons who worked for one or more of the Defendants in the State of North Carolina as a cook at any time between October 5, 2018 and the date of final judgment in this action, held H-2A visas while working for one or more of the Defendants, and who were not reimbursed on their first paycheck following their first workweek for all of their inbound H- 2A related expenses that are required to be paid by the Defendants such that they were paid less than the minimum wage during that workweek ("Reimbursement Collective Action")."

[DE 41 at 10]. The material distinction between plaintiffs' definition and defendants' definition is plaintiffs' version encompasses all employees who "were not reimbursed for all of their H-2A related expenses . . . during their first workweek," while defendants' version is limited to employees who "were not reimbursed on their first paycheck following their first workweek, *such that they were paid less than the minimum wage for that workweek.*" [DE 39, 41 (emphasis added)].

6

The law states that "defendants' failure to reimburse visa expenses in the first workweek, to the extent the workers' pay is brought below the minimum wage, constitutes a violation of the FLSA." *De Luna-Guerrero*, 338 F. Supp. 2d at 662. In other words, defendants "are liable to the extent these deductions drove Plaintiffs' first week's wages below the statutory minimum." *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 706 (E.D.N.C. 2009). Plaintiffs' version suggests that defendants were required to reimburse defendants for all H-2A related expenses in the first week. Defendants' version correctly clarifies that they were only required to reimburse those expenses that – when subtracted from the first paycheck – resulted in the worker receiving less than minimum wage. Therefore, the Court finds defendants' proposed change accurately states the law.

Additionally, defendants argue the class definition should be limited to employees who worked for Gracia in North Carolina. [DE 41 at 9]. Plaintiffs may be similarly situated with out-of-state employees only when there is a "reasonable basis that defendants' common policy or scheme" violated the FLSA. *Sodekson v. E. Coast Rest. & Nightclubs, LLC*, No. 4:15-CV-02711-RBH, 2016 WL 4613386, at *7 (D.S.C. Sept. 6, 2016). Defendants argue that plaintiffs only worked in North Carolina, and there is nothing to suggest there are similarly situated to out-of-state class members. Plaintiffs argue that out-of-state Gracia employees are similarly situated because those employees "were subject to the same policies and practices giving rise to Plaintiffs' claims under the FLSA." [DE 42 at 5]. Less than one year ago, the Department of Labor ("DOL") found Gracia's treatment of its workers in Florida and Georgia violated FLSA.[2] Among other things, Gracia failed to pay minimum wage, failed to pay overtime, and failed to reimburse workers

---

[2] United States Department of Labor Administrative Judge Orders Frostproof Farm Labor Contractor To Pay $249k In Back Wages, Penalties In Settlement Agreement, USDL 22-0097 https://www.dol.gov/newsroom/releases/whd/whd20220310 (last accessed February 3, 2023).

7

for H-2A visas. The similarity between the DOL's findings and these allegations provides a reasonable basis that plaintiffs' alleged FLSA violations were due to Gracia's companywide policy. Therefore, the Court will not limit its conditional certification to Gracia's North Carolina locations. *See Sodekson*, 2016 WL 4613386, at *7.

### C. Notice

Plaintiffs request six months to distribute notice and file opt-in plaintiffs' consent forms with this Court. Defendants contend a two-month notice period is appropriate because the class "appears to be very small." [DE 41 at 11]. The Court finds that a six-month notice period is warranted. The putative class members are poor Spanish-speaking migrant workers who may have returned to Mexico. To offer a meaningful opportunity to join this suit, plaintiffs' counsel will need six months to locate and notify potential class members of their opportunity to "opt-in" to this action. *See Arellano Galvan v. San Jose Mexican Rest. of NC, Inc.*, No. 7:16-CV-39-FL, 2016 WL 7264100, at *3 (E.D.N.C. Dec. 15, 2016) (granting plaintiffs' request for a six-month opt-in period).

### D. Requested information

Plaintiffs request the defendants provide the following information for each potential collection action member: "Full name; Date(s) of employment; Employer ID; Passport number; US and Mexico addresses; Cell and WhatsApp numbers (US and Mexico); and Date of birth." [DE 39 ¶ 3]. Defendants argue this request should be limited to mailing addresses and full names of potential class members. [DE 41 at 12].

In a § 216(b) action, the Court may order defendants to provide plaintiffs with contact information about the punitive class members. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169–70 (1989). The contact information should be sufficient to allow plaintiffs to provide notice to the class members. More contact information may be justified when the class members are

8

difficult to notify. As noted above, the punitive class members are Spanish-speaking migrant workers who may be living in Mexico or the United States. The information plaintiff requested is necessary to provide the class members with notice.

Defendants argue they should not be required to provide phone numbers because such information raises "the risk of 'improper solicitation' and the 'needless intrusion into the privacy of these individuals and their families." *Arevalo v. D.J.'s Underground, Inc.*, No. CIV.A DKC-09-3199, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010). The class members' interest in receiving notice outweighs any intrusion into their privacy. Therefore, the Court will grant the defendants to provide plaintiffs with the requested information.

## CONCLUSION

The Court hereby GRANTS the plaintiffs' motion and conditionally certifies this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) as follows:

> Persons who were or will work for one or more of the defendants as a cook at any time between October 5, 2018 and the date of final judgment in this action, held H-2A visas, and were not reimbursed for all of their H-2A related expenses (recruitment fees, travel, visa, hotel, meals, and/or border crossing costs) during their first workweek such that they were paid less than the minimum wage during that workweek ("Reimbursement Collective Action").

> Persons who were or will work for one or more of the defendants as cooks and were or will be paid less than the required minimum wage for the hours worked in one or more workweeks or who were not paid at the required overtime wage rate for the hours they performed or will perform work in excess of 40 hours in any workweek in which they were not employed in agriculture ("Wage Payment Collective Action") at any time between October 5, 2018 and the date of final judgment in this action.

To the extent defendants are in possession of or can reasonably obtain such information, defendants are hereby ORDERED to provide plaintiffs a computer-readable list containing the following information regarding the putative action members: full names, date(s) of employment, employer ID, all known mailing addresses, all known cell and WhatsApp numbers, passport

9

number, and date of birth. This production shall be made within two weeks of the entry of this Order.

The Court AUTHORIZES the Notice attached as Exhibit 1 to plaintiffs' motion [DE 319-1] for distribution in English and Spanish to potential opt-in plaintiffs by United States mail, text, WhatsApp, Facebook, website posting, and Mexican radio. The Court ORDERS the defendants to provide the Notice in English and Spanish to current employees working as cooks with their paychecks within two weeks of entry of this Order. The Court ORDERS defendants to post the Notice in English and Spanish at all kitchens and employer-provided housing for H-2A farmworkers under the ownership or control of any of the defendants within two weeks of the entry of this Order.

The Court AUTHORIZES the Consent to Join Form, attached as Exhibit 2 to plaintiffs' Motion [DE 39-2], for distribution to the putative members of the collective action. The date limiting the preliminary joinder of opt-in plaintiffs filing Consent to Sue forms shall be six (6) months from the date on which the complete addresses and names of putative class members are produced by defendants in accordance with this Order.

SO ORDERED, this __3__ day of February, 2023.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10